Eastern District of Kentucky
FILED
OCT 27 2015
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

| | |
|---|---|
| INEZ SHERMAN, | ) |
| Plaintiff, | ) Civil No. 3: 15-43-GFVT |
| V. | ) |
| CHRIS BYRD, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inez Sherman is a prisoner formerly confined at the Kentucky Correctional Institute for Women ("KCIW") in Pewee Valley, Kentucky. Proceeding without an attorney, Sherman filed an original and amended civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1, 4] The Court must conduct a preliminary review of Sherman's complaint because she has been granted permission to pay the filing fee in installments and because she asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). The Court evaluates Sherman's complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F. 3d 461, 467 (6th Cir. 2011).

# I

In her original complaint, Sherman alleged that while working in KCIW's kitchen, Chris Byrd – her male boss, and an employee of Aramark – repeatedly stated that he would kill her. Sherman indicated that these statements were made in the presence of her supervisor (another Aramark employee) and another inmate. Sherman reported the incident to her captain, who spoke with the Aramark supervisor who confirmed that the threats were made. However, Sherman alleged that the prison did not act upon her complaint, and the man who threatened her continued to work at the prison as her boss in the kitchen. Sherman indicated that she suffered nightmares as a result of the threats. [R. 1, p. 1]

Sherman's amended complaint [R. 4] expands upon and clarifies her allegations. Sherman states that on April 21, 2015, she was standing in the kitchen talking with fellow inmate Tara Goodman and Aramark employee Raquel Williams. Byrd then approached the group and, addressing Williams, told her to "make sure the freezer is locked cause if something comes up missing I will kill someone." Williams objected to Byrd's menacing tone and statements, and Sherman told Byrd "you can't threaten us like that." [R. 4, p. 7] Byrd persisted however, reiterating his threat twice more.

Sherman spoke with Captain Johnson about the incident and sought to file a report. Once Ms. Williams corroborated Sherman's description of the event, Capt. Johnson advised Williams to file a report about the incident, which she did. Sherman indicates that there is now no evidence of the report.[1] [R. 4, p. 8] Sherman has filed an unverified letter, ostensibly from Goodman, which corroborates Sherman's description of the conversation. [R. 4-1, p. 4]

---

[1] Sherman filed an open records request asking for a copy of the "Currentey report" of the incident; corrections officials responded that they were "[n]ot sure what report you are wanting." [R. 4-1, pp. 1-3] It appears at least possible that the report exists under some other name.

Sherman indicates that she had nightmares about Byrd's threats that evening. [R. 4-1, p. 7] When Sherman spoke to the Unit Director the next day, he advised her that the Deputy Warden had approved a reclassification for Sherman out of work duty in the kitchen if she wished. [R. 4, p. 4; R. 4-1, p. 8] However, Sherman does not indicate that she requested a transfer to a different work detail, nor did prison officials transfer her to another detail on their own. Sherman seeks compensation for emotional pain and suffering. [R. 4, pp. 5, 9]

## II

Having thoroughly reviewed Sherman's complaint, the Court must dismiss her claims for a number of reasons. Sherman has named only two defendants, Aramark employee Chris Byrd and unidentified staff at KCIW, and both are sued only in their official capacity. [R. 4, p. 2] For purposes of this discussion, the Court assumes that Aramark, through its employee Byrd, was "acting under color of state law" for purposes of § 1983 because, although it is a private corporation, it is providing its services to a publicly-owned prison pursuant to a contract with the Kentucky Department of Corrections. Cf. *Johnson v. Aramark*, No. 3:11CV-P517-M, 2012 WL 219503, at *3 (W.D. Ky. Jan. 25, 2012); *Horton v. Sheriff of Cook Co.*, No. 11C6064, 2012 WL 5838183, at *3 (N.D. Ill. Nov. 16, 2012) (collecting cases).

By naming Byrd in his official capacity, Sherman's claim is essentially against Aramark itself. *Lambert v. Hartman*, 517 F. 3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F. 3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). But Aramark is not liable merely because it employs Byrd; instead, Byrd's actions must be

directly attributable to a policy or custom of his employer. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978); *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Here, Sherman makes no allegation that any policy or custom by Aramark prompted Byrd's threats. Accordingly, her official capacity claim against Byrd fails to state a claim upon which relief may be granted.

Of course, when filling out her complaint it is possible that Sherman did not understand that "notwithstanding its label, an 'official capacity' claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them." *Riley v. Haney*, No. 5:12-253-JMH, 2013 WL 1755081, at *2 (E.D. Ky. Apr. 23, 2013). But even an individual capacity claim against Byrd would have fared no better. Threats by a state employee are manifestly inappropriate and unprofessional, but it is well-established that they do not violate a prisoner's constitutional rights. *Wingo v. Tennessee Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") (citing *Ivey v. Wilson*, 832 F. 2d 950, 955 (6th Cir. 1987)); *Odom v. Lynn*, No. 5:13CV-P60-R, 2013 WL 5503167, at *5 (W.D. Ky. Oct. 2, 2013) (collecting cases).

Even if this were not so, federal law prohibits the assertion of constitutional claims based upon mental or emotional injury unaccompanied by physical harm. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...."). Where threatening behavior does not lead to any resulting physical injury,

4

the statutory bar to recovery applies. *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). For each of these reasons, Sherman's complaint fails to state a claim and must be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Sherman's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 26th day of October, 2015.

Signed By:
Gregory F. Van Tatenhove
United States District Judge